URGENT thank you



# UNITED STATES DISTRICT COURT

for the

Western District of New York

New York Division

| | |
|---|---|
| NEGRITO PAUL NOEL also known as PAUL A. NOEL<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br><br>-v-<br><br>Malik D. Evans, Dr. Leslie B. Smith, Paul A. Marasco, La Marr Jackson, Tynise Edwards, Unnamed Clerk, Unnamed Security Officer, Paul D. Stedman, Rochester Traffic Violations Agency, City of Rochester<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 26-cv-6926 CJS<br>*(to be filled in by the Clerk's Office)*<br><br>UNITED STATES DISTRICT COURT<br>FILED<br>SEP 10 2026<br>ANDREW W. MOELLER, CLERK<br>WESTERN DISTRICT OF NY |

## COMPLAINT AND REQUEST FOR INJUNCTION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | NEGRITO PAUL NOEL aka PAUL A. NOEL |
| Street Address | 286 CHILD STREET |
| City and County | ROCHESTER, MONROE COUNTY |
| State and Zip Code | NEW YORK 14611 |
| Telephone Number | 585-357-4762 |
| E-mail Address | JIDOY23@GMAIL.COM |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | MALIK D. EVANS |
| Job or Title *(if known)* | MAYOR OF THE CITY OF ROCHESTER |
| Street Address | 30 CHURCH STREET, ROOM 307A |
| City and County | ROCHESTER, MONROE COUNTY |
| State and Zip Code | NEW YORK 14614 |
| Telephone Number | 585-428-7045 |
| E-mail Address *(if known)* | info@cityofrochester.gov |

Defendant No. 2

| | |
|---|---|
| Name | DR. LESLIE B SMITH |
| Job or Title *(if known)* | EXECUTIVE DIRECTOR OF THE RTVA |
| Street Address | 200 E. MAIN STREET, SUITE B-002 |
| City and County | ROCHESTER, MONROE COUNTY |
| State and Zip Code | NEW YORK , 14614 |
| Telephone Number | (585) 428-6555 |
| E-mail Address *(if known)* | RTVA@cityofrochester.gov |

Defendant No. 3

| | |
|---|---|
| Name | TYNISE EDWARDS |
| Job or Title *(if known)* | RTVA TRAFFIC PROSECUTOR |
| Street Address | 200 E. MAIN STREET, SUITE B-002 |
| City and County | ROCHESTER, MONROE COUNTY |
| State and Zip Code | NEW YORK , 14614 |
| Telephone Number | (585) 428-6555 |
| E-mail Address *(if known)* | RTVA@cityofrochester.gov |

Defendant No. 4

| | |
|---|---|
| Name | PAUL A. MARASCO |
| Job or Title *(if known)* | RTVA JUDICIAL HEARING OFFICER |
| Street Address | 200 E. MAIN STREET, SUITE B-002 |
| City and County | ROCHESTER, MONROE COUNTY |
| State and Zip Code | NEW YORK , 14614 |
| Telephone Number | (585) 428-6555 |
| E-mail Address *(if known)* | RTVA@cityofrochester.gov |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983; Fourth Amendment; Fourteenth Amendment — right to due process of law; Fourteenth Amendment — protection against deprivation of protected liberty and property interests without due process of law; Federal Rule of Civil Procedure 65 — preliminary and permanent injunctive relief. including VTL §§ 225, 226, and 227, governing the challenged conduct.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ________________, is a citizen of the State of *(name)* ________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ________________, is incorporated under the laws of the State of *(name)* ________________, and has its principal place of business in the State of *(name)* ________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ________________, is a citizen of the State of *(name)* ________________. Or is a citizen of *(foreign nation)* ________________.

b. If the defendant is a corporation

The defendant, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________.

Or is incorporated under the laws of *(foreign nation)* ____________________, and has its principal place of business in *(name)* ____________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The Plaintiff informed the Defendants that if he was summoned/given notice/asked/invited to appear, there will be an appearance fee of $1,000,000.00 and $100,000.00 per minute charge for his time for the duration of the trial/hearing if discovery is not produced. Approximately 30 minutes in, the trial was stopped so that the Traffic Prosecutor could serve on the Plaintiff the discover that was demanded. The Defendants owe the Plaintiff over $75,000.00 each.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

On February 11, 2025, at approximately 2:00 p.m., New York State Police Trooper Paul D. Stedman stopped, searched, and seized Plaintiff, Paul A.E. Noel/Negrito Paul Noel ("Noel"), near 266 Allen Street, Rochester, New York 14608. At the first day of trial it appears that the alleged cause for the stop (loud muffler) was never issued and the stop was pretextual.

B. What date and approximate time did the events giving rise to your claim(s) occur?

Mayor Evans exercised ultimate authority over all defendants including the RTVA and scheduled a trial absent authority to do so, Dr. Leslie B. Smith exercised authority over the RTVA and scheduled a trial absent authority to do so. Tynise Edwards, Paul A. Marasco, La Marr Jackson and Unnamed Clerk, commenced the trial absent authority. The City of Rochester funded the trial absent authority to do so

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On May 12, 2026, Defendants Mayor Malik D. Evans and Dr. Leslie B. Smith, exercised ultimate authority over all defendants including the RTVA and scheduled a trial absent authority to do so. Tynise Edwards, Paul A. Marasco, La Marr Jackson and Unnamed Clerk, commenced the trial absent authority to do so. The City of Rochester funded the trial absent authority to do so. On April 27, 2018, VTL225(1), that give the RTVA the authority to hear traffic infractions, was changed causing the RTVA to lost jurisdiction to commence trial of alleged offenses defined as traffic infraction other than parking, misdemeanors etc. The Plaintiff notified the Defendants that a trial or a meeting in-person would have a fee schedule of $1,000,000.00 and a $100,000.00 per minute fee for each participant, as long as it takes to ask and be served discovery and resolve the matter on May 12, 2026. After approximately 30 minutes, the JHO adjourned the first day of trial to produce discovery. The illegal trial violated the Plaintiffs due process rights and cause among other things an unreasonable search and seizure.

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Plaintiff contends that the continued prosecution and scheduling of a second day of trial before the RTVA, without first establishing jurisdiction under VTL § 225(1), providing discovery, and complying with VTL § 226, continue to cause harm that cannot be adequately remedied by monetary damages alone. The harm includes emotional distress, fear and anxiety from repeated encounters with the officials involved, refusals by Dr. Smith to accept filings, reputational harm from threats to involve law enforcement over Plaintiff's legal filings, financial hardship, interference with Plaintiff's liberty interests, and the burden of defending proceedings Plaintiff contends were initiated and maintained without lawful authority. Plaintiff further contends that proceeding with a second day of trial despite these unresolved issues would compound the harm. Although the RTVA abandoned the matter on March 24, 2025, it later demanded $4,558.00 and continued proceedings against Plaintiff. Without this Court's intervention, Plaintiff contends these injuries will continue and cannot be fully remedied through damages after the fact.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks declaratory and injunctive relief preventing Defendants from continuing the RTVA second day of trial unless compliance with VTL225(1) and 226. Plaintiff also seeks compensatory damages for emotional distress, financial losses, reputational harm, and other actual injuries proven at trial.

The RTVA demanded $4,558.00 in connection with the disputed accusatory instruments. Plaintiff seeks punitive damages in an amount to be determined by the Court or jury. The Plaintiff seeks the payment based on the fee schedule as the Defendants were notified, ignored the warnings and their actions were illegal (absent authority).The alleged violations are continuing because the RTVA continues to pursue or schedule proceedings against Plaintiff despite the unresolved jurisdictional and procedural issues. Even if Defendants were not notified, the illegal actions should be sufficient to make the Defendants liable for the injuries caused.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/17/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff NEGRITO PAUL NOEL (PAUL A. NOEL)

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

NESE BAYKAL
Notary Public, State of New York
No. 01BA6046622
Qualified in Monroe County
Commission Expires August 14, 20 26

State of New York
County of Monroe
This Subscribed and Sworn to me
on the 10 day of Sept 2026
Nese Baykal

/Revised 03/06 WDNY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT**
**(Non-Prisoner Context)**
All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A. Full Name of Plaintiff: NOTE**: *If more than one plaintiff files this action and seeks in forma pauperis status,* ***each*** *plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

NEGRITO PAUL NOEL also known as PAUL A. NOEL

**-vs-**

**B. Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. MAYOR MALIK D. EVANS (and in his personal Capacity)
2. RTVA EXECUTIVE DIRECTOR DR. LESLIE B. SMITH (and in her personal Capacity)
3. RTVA JUDICIAL HEARING OFFICE PAUL A. MARASCO (and in his personal Capacity)
4. RTVA JUDICIAL HEARING OFFICER LA MARR JACKSON (and in his personal Capacity)
5. RTVA TRAFFIC PROSECUTOR TYNISE EDWARDS (and in her personal Capacity)
6. RTVA UNNAMED CLERK (and in her personal Capacity)
7. RTVA UNNAMED SECURITY OFFICER (and in his personal Capacity)
8. NEW YORK STATE POLICE TROOPER PAUL D. STEDMAN (and in his personal Capacity)
9. ROCHESTER TRAFFIC VIOLATIONS AGENCY (RTVA)
10. CITY OF ROCHESTER ("City")
11. RTVA JUDICIAL HEARING OFFICER FRANCIS AFFRONTI (and in his personal Capacity)

## 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT

*All of these sections* ***MUST*** *be answered Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A.- Basis of Jurisdiction in Federal Court: This Court has jurisdiction over this matter under 28 U.S.C §1331 and 28 U.S. Code § 1343(a)(3) because Plaintiff and Defendants are involved in an incident arising under the Constitution and laws of the United States – The Plaintiff is seeking a monetary judgment of $22,000,000.00 from the Defendants.

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B.-Reason for Venue in the Western District: Venue is proper in this Court under 28 U.S.C. 1391(a), (b)(1),(e) because Defendants do business in the City of Rochester, Monroe County, New York and is registered for public servitude

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is*

C.- Nature of Suit: 440- Other Civil Rights- Action alleging a civil rights violation other than a violation related to prisons: Action alleging unreasonable search and seizure, taking of private property. Breach of contract, and 360- Other Personal injury.- Action primarily based on personal injury caused by assault and Police intentional failure to intervene. Fraud, conspiracy, extortion, malicious prosecution, due process violations

---

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** **NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: NEGRITO PAUL NOEL also known as PAUL A. NOEL
Present Address: 286 Child Street, Rochester NY, 14611

**DEFENDANT'S INFORMATION** **NOTE:** *To list additional defendants, use this format on another sheet of paper.*

Name of Defendant (1): MALIK D. EVANS
Official Position of Defendant (1): Mayor of the City of Rochester CEO of the RTVA
Address of Defendant (1): 30 Church Street, City Hall, Room 308-A, Rochester, NY 14614

Name of Defendant (2): DR. LESLIE B. SMITH
Official Position of Defendant (2): RTVA Executive Director
Address of Defendant (2): 200 E. Main Street, Suite B-002, Rochester, NY 14604

Name of Defendant (3): PAUL A. MARASCO
Official Position of Defendant (3): RTVA Judicial Hearing Officer
Address of Defendant (3): 200 E. Main Street, Suite B-002, Rochester, NY 14604

Name of Defendant (4): LA MARR JACKSON
Official Position of Defendant (4): RTVA Judicial Hearing Officer
Address of Defendant (4): 200 E. Main Street, Suite B-002, Rochester, NY 14604

Name of Defendant (5): TYNISE EDWARDS
Official Position of Defendant (5): RTVA Traffic Prosecutor
Address of Defendant (5): 200 E. Main Street, Suite B-002, Rochester, NY 14604

Name of Defendant (6): UNNAMED RTVA CLERK
Official Position of Defendant (6): Clerk for the Rochester Traffic Violations Agency
Address of Defendant (6): 200 E. Main Street, Suite B-002, Rochester, NY 14604

Name of Defendant (7): UNNAMED RTVA SECURITY OFFICER
Official Position of Defendant (7): Security for the Rochester Traffic Violations Agency

Address of Defendant (7): 200 E. Main Street, Suite B-002, Rochester, NY 14604

Name of Defendant (8): NEW YORK STATE POLICE TROOPER PAUL D. STEDMAN
Official Position of Defendant (8): Police patrolman
Address of Defendant (8): 1155 Scottsville Road, Rochester NY, 14624

Name of Defendant (9): ROCHESTER TRAFFIC VIOLATIONS AGENCY (RTVA)
Official Position of Defendant (9): QUASI-JUDICIAL TRIBUNAL ENTITY CONTROLLED BY MAYOR EVANS
Address of Defendant (9): 200 E. Main Street, Suite B-002, Rochester, NY 14604

Name of Defendant (10): CITY OF ROCHESTER
Official Position of Defendant (10): MUNICIPALITY CITY IN THE STATE OF NEW YORK
Address of Defendant (10): 30 Church Street, City Hall, Room 308-A, Rochester, NY 14614

Name of Defendant (11): FRANCIS AFFONTI
Official Position of Defendant (11): FORMER Judicial Hearing Officer for the Rochester Traffic Violations Agency
Address of Defendant (11): 200 E. Main Street, Suite B-002, Rochester, NY 14604

---

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

**A.** Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**

Yes___ No XX

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

Plaintiff(s):

Defendant(s):

2. Court (if federal court, name the district; if state court, name the county): Monroe County

3. Docket or Index Number:
4. Name of Judge to whom case was assigned:
5. The approximate date the action was filed: N/A
6. What was the disposition of the case?

Is it still pending? Yes____ No____If not, give the approximate date it was resolved.
Disposition (check those statements which apply):

N/A____ Dismissed (check the statement which indicates why it was dismissed):

N/A___ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

N/A___By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

N/ABy court due to your voluntary withdrawal of claim;

N/A Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

A. FIRST CLAIM: Traffic stop on February 11, 2025. Trial on MAY 12, 2026.

**42 U.S.C. § 1983 – Procedural Due Process Violation (14th Amendment) against:**

DEFENDANT (1) MAYOR MALIK D. EVANS, DEFENDANT (2) DR. LESLIE B. SMITH, DEFENDANT (3) PAUL A. MARASCO, DEFENDANT (4) LA MARR JACKSON, DEFENDANT (5) TYNISE EDWARDS, DEFENDANT (6) UNNAMED RTVA CLERK, DEFENDANT (7) UNNAMED RTVA SECURITY OFFICER, DEFENDANT (8) PAUL D. STEDMAN, DEFENDANT (9) ROCHESTER TRAFFIC VIOLATIONS AGENCY (RTVA), DEFENDANT (10) CITY OF ROCHESTER. (collectively "RTVA")

1. I, the Plaintiff NEGRITO PAUL NOEL aka PAUL A. NOEL ("Plaintiff", "Noel"), bring this action under 42 U.S.C. § 1983 against all Defendants listed above individually and collectively as RTVA, as they were all personally involved and acted under the color of law when they subjected Noel to the deprivation of the right to be free from unreasonable search and seizure, Liberty, Property, constitutional and statutory rights, privileges and immunities without due process of the law, that is protected by the Fourth and Fourteenth Amendment and they shall be liable to the Plaintiff who was injured.

   - "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable..." 42 U.S.C. § 1983 (edited)

2. Defendant (8) Stedman, while in uniform and acting as a New York State Police Trooper on behalf of New York State, subjected the Plaintiff to an unreasonable search and seizure by manufacturing non-existent laws, creating customs, and practices to stop the population—and specifically the Plaintiff—while the Plaintiff was traveling in a 2008 Dodge Grand Caravan SXT, that was registered to be used only for personal use and designated by the DMV as a passenger vehicle. Defendant (8) Stedman demonstrated intent to harm Noel using the traffic stop, when he stopped Noel to enforce motor vehicle code regulations and filed twelve (12) motor vehicle specific, accusatory instruments into the RTVA. Defendant (8) Stedman acted deliberately and outside the scope of his training and state law, failing to observe the required elements of a traffic infraction failing to follow the process of law that was due before initiating a traffic stop. These actions abridged the Plaintiff's constitutional immunities, rights, and privileges, depriving the Plaintiff of Liberty and Property without due process of law, in direct violation of the Fourth and Fourteenth Amendment. The Fourteenth Amendment reads:

- "...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law..." 14th Amendment (edited)

3. The Plaintiff stipulates that on February 11, 2025, around 1pm, at about 222 Broad Street, Rochester NY 14608, he had a right to possess and use a 2008 Dodge Grand Caravan SXT, on the highway, with a loud muffler, without vehicle insurance being in effect, with an expired certificate of Registration, without a valid NYS certificate of emissions inspection, and without a valid NYS driver's license. In fact, Noel had immunity from being stopped because New York State allows a man or woman to travel freely on the public highway without first complying with commercial code regulations as long as the highways usage is exclusive for personal use and is safe. See the Public Trust Doctrine. (no undue burden tax etc., is placed on the population for personal use)

- New York State allows certain vehicles that are classified for personal use only, to be free to travel on the public highway (that is kept in the public trust account) without certain certifications typically mandatory for commercial vehicles, as long as the usage of the public highway is exclusively for personal use and is safe. Otherwise, all 'motor vehicle' code regulations apply. The proof of this is also found in New York Consolidated Law, Vehicle and Traffic Law (VTL, VAT), Department of Taxation and Finance, and the Department of Motor Vehicles, Vehicle Registration, MV-82 and ID-82 FORMS.

4. On July 7, 2023, the 2008 Dodge was registered, on the MV-82 form, to be used only for personal use, and designated by the DMV as a 'PASSENGER VEHICLE'.

- The MV-82 form implies that such a vehicle is called a "PERSONAL VEHICLE USE"(this sounds similar to the 'Personal Use Vehicle' found in VTL501-a (7)). The DMV gave the 2008 Dodge the "vehicle type classification:(PAS)", issued 'passenger plates' to the registrant and at that point it was implied that the 2008 Dodge was to be subjected to 'passenger vehicle', 'personal vehicle use' and 'vehicle' code regulations as that is how the DMV described the 2008 Dodge on the MV-82 form. There was no description that the 2008

Dodge as a commercial vehicle or that it will be subjected to 'motor vehicle' code regulations when the registrant used the vehicle from the DMV office to everywhere else. Somehow, through a custom of depravity, Defendant (8) Stedman, had developed a practice of stopping passenger vehicles and applying unlinked 'motor vehicle' code regulations on the population and on the Plaintiff, without the DMV approval. The Plaintiff stipulates that if the 2008 Dodge had been registered to be used **not** only for personal use, it would be designated by the DMV with the "vehicle type classification:(COM)", be labelled as a 'COMMERCIAL VEHICLE' and be subjected to commercial and motor vehicle code regulations.

- In New York State, every vehicle is registered and designated as one of two vehicle types: a passenger vehicle if "Yes" is selected on the MV-82 form, or a commercial vehicle if "No" is selected. The key difference between these two classifications is that a passenger vehicle is used exclusively for personal purposes, whereas a commercial vehicle may be used for both commercial and personal purposes.

- This is where incompetent officers abandon their training, logic, common sense, and New York State Law by establishing a custom and practice of enforcing "motor vehicle" code regulations—designed strictly for commercial vehicles—on non-commercial vehicles used exclusively for personal use. In VTL, noncommercial and nonbusiness purposes vehicles include a passenger vehicle, personal-use vehicle, exempt vehicle, recreational vehicle, other than for hire vehicle, and vehicles engaged strictly in personal pleasure.

- The Plaintiff further stipulates that since the definition of a motor vehicle is linked to commercial terms such as 'driver', 'driven', 'drive', 'operate', 'operated', 'operator', 'person', 'commerce', 'commercial vehicle', 'commercial motor vehicle', 'for hire', 'business purposes', 'commercial purposes', 'for compensation', 'taxi cab' and 'traffic', a reasonable person, man or woman, would conclude that 'motor vehicle' code regulations would only apply to the vehicle type classification 'COMMERCIAL VEHICLE' and would not apply to a 'PASSENGER VEHICLE' that shares no link with the term 'motor vehicle' as it is exclusively for personal use and not for business endeavors.

5. Defendant (8) Stedman's act of stopping the Plaintiff while he was traveling in a 'passenger vehicle', with numbered/passenger plates LCP5460, knew it was a passenger vehicle after his search of the plate, without first observing commercial activity, is constitutionally inadequate to justify stripping the Plaintiff of his fundamental rights to travel in a noncommercial vehicle. A reasonable officer placed in the same position would not have made that decision to stop the Plaintiff. Even if a search found that there were suspensions of NYS certifications, still would not have given that reasonable officer to stop the Plaintiff, because in New York State, it is optional for acquire and maintain those motor vehicle certifications, not mandatory, so a suspension in that case is not a crime or a traffic infraction. See People v. Noel (2021) and People v. Noel (2024). In both cases, the court of competent jurisdiction dismissed in total 17 accusatory instruments due to insufficiency as there was no probable cause for the traffic stop, and a charge could not be established by clear and convincing evidence, because New York State law supports that a passenger vehicle is not mandated to acquire or maintain those certifications that pertain only to a 'motor vehicle'. See VTL227(1).

6. It should be noted that prosecutors such as Defendant (5) Edwards may use VTL125 to define 'motor vehicles' and argue that the statute says "...every vehicle..." so it must include all vehicles. First of all, VTL125 does not completely reads "every vehicle", it reads

- "§ 125. Motor vehicles. Every vehicle operated or driven upon a public highway which is propelled by any power other than muscular power, except..."

This is where incompetent officers abandon their training, logic, common sense, and New York State Law by establishing a custom and practice of enforcing "motor vehicle" code regulations—which apply only to commercial operations—against vehicles that are strictly non-commercial and dedicated solely to personal use, such as passenger vehicles, personal-use vehicles, exempt vehicles, recreational vehicles, non-for-hire vehicles, and vehicles engaged in personal travel. All these vehicle types appear to fall under the umbrella and is protected travel. - Public Law Doctrine.

It should be noted that two specific commercial terms follow: "operated" and "driven." The Plaintiff stipulates that an "operator" is defined as any person who operates or is in actual physical control of an ATV; a passenger vehicle is not an ATV. Furthermore, even if it were, the term "operator" relies on the definition of "person," which implies commercial activity as it includes corporations, firms, natural persons, co-partnerships, and associations. Similarly, "driven" derives from "driver," found in VTL113, which is a term encompassing "chauffeur," which is inherently commercial and likewise relies on the definition of "person." Even setting aside the statutory definition of "person," New York Vehicle and Traffic Law (VTL § 125) explicitly excludes vehicles categorized as "other than for hire," which logically indicates they are not "for hire" and thus non-commercial. Above all, no vehicle in New York State is registered under the explicit designation of "motor vehicle"; therefore, any provision of the Vehicle and Traffic Law that relies on the term "motor vehicle" is void for vagueness and legally unenforceable.

7. A reasonable officer would be aware that a 'motor vehicle' does not include a 'passenger vehicle', much like a commercial motor vehicle shall not include a personal use vehicle. See VTL501-a (4)(b)(i). The Plaintiff claims that it was the arbitrary traffic stop that deprived Noel of liberty, and property that stripped away his immunities without due process of law. The process of laws that the state put in place for the population and for the Plaintiff demanded that every element must first be observed before a stop has probable cause as it reads in the fourth amendment, "Shall not be violated", so a mere hunch is unacceptable. That is the case here when Defendant (8) deprived the Plaintiff of the right to be free from unreasonable search and seizure secured by the Fourth Amendments:

    - "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation..." 4th Amendment (edited).

8. Defendant (8) Stedman, acting under color of state law, seized and detained the Plaintiff without a constitutionally sufficient factual or legal basis, failing to adhere to established legal process. Under New York Criminal Procedure Law (CPL) § 100.15, 100.20, and 100.25, proper process requires a complainant to file an information or complaint supported by a single, verified factual account establishing every element of the alleged violation. No supporting deposition or statutorily compliant factual account was ever executed or served upon the Plaintiff. Furthermore, Even if there was a supporting deposition it would be perjurious if Defendant (8) Stedman stated that he observed a "motor vehicle" as it would constitute a material falsehood, as the subject 2008 Dodge was registered exclusively as a passenger vehicle—a distinct classification from a "motor vehicle" under the statutory VTL framework.

9. In CPL100.40, demand that the factual part of the accusatory instruments be verified and that Defendant (8) Stedman has a reasonable belief that a violation occurred. Although Defendant (8) Stedman, did sign the tickets under oath under PEN210.45, the instruments were insufficient on its face as it failed to contain every element.

10. Under Vehicle and Traffic Law § 227(1), the burden of proof rests entirely on the prosecution to establish every element of a charge by clear and convincing evidence. As the initiating officer and primary witness for the prosecution, Defendant (8) Stedman was required to observe and establish these elements prior to effectuating the stop. Defendant (8) Stedman failed to file a compliant single factual account and failed to identify or record the specific vehicle type classification of the vehicle he intercepted. A competent officer acting in good faith would have ascertained the vehicle type classification prior to enforcing commercial code regulations. By arbitrarily applying commercial regulations to a non-commercial vehicle without establishing this prerequisite element, Defendant (8) Stedman violated the Public Trust Doctrine as well as the Plaintiff's rights under the Fourth and Fourteenth Amendments.

11. At the trial on May 12, 2026, Defendant (8) Stedman testified that the initial basis for the traffic stop was to enforce a loud muffler violation pursuant to VTL § 375(31)(a-v). However, this specific code was omitted from the document listing all twelve (12) accusatory instruments filed with the Rochester Traffic Violations Agency (RTVA). During cross-examination, the Plaintiff demonstrated to RTVA Judicial Hearing Officers Defendant (3) Marasco and Defendant (4) Jackson, as well as Traffic Prosecutor Defendant (5) Edwards, that the stop was pretextual, as Defendant (8) Stedman failed to file any accusatory instrument regarding a loud muffler.

12. Even had such a violation been filed and issued, the stop remained pretextual: Defendant (8) Stedman conflated the condition of the vehicle during an earlier stop on July 24, 2024, with its condition on February 11, 2025—failing to account for the fact that the muffler on the 2008 Dodge had been fully repaired on December 18, 2024. Because the muffler was no longer loud or causing a disturbance on February 11, 2025, Defendant (8) Stedman lacked reasonable suspicion or probable cause to initiate the traffic stop, rendering his trial testimony fabricated. Furthermore, Defendant Stedman's claim that he detected the muffler while parked with his windows rolled down in freezing winter weather that had a high of 31 and low of 8 degrees is factually implausible, logically inconsistent, and directly contradicted by the Body-Worn Camera (BWC) footage.

13. Plaintiff claims that Defendant (8) Stedman nevertheless issued eight (8) accusatory instruments to the Plaintiff at the scene and added four (4) more accusatory instruments which were not served on the Plaintiff, not acquiring personal jurisdiction. Defendant (8) Stedman filed twelve (12) accusatory instruments into the RTVA, and without stating sufficient facts in a report that establishes every element of the alleged charged offenses. Plaintiff claims that Defendant (8) Stedman, failed to correct or amend the complaints after the deficiencies became apparent during the verification process that he never followed, further violating the Plaintiffs right to a fair hearing and proper notice of the accusations against him. (in violation of the sixth amendment)

If not for the actions of Defendant (8) Stedman, the Plaintiff would not have suffered injury. The injuries suffered are the reasonably foreseeable consequences of the Defendant (8) Stedman's actions of abridging rights and immunities without due process protected by the Fourteenth Amendment and conducting an unreasonable search and seizure protected by the Fourth Amendment, then became a false witness to the facts. The court must accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d

Cir. 2009). The District Court is prohibited from dismissing this case as it would be a seventh Amendment violation as there is an injured party. Rule 8(a) has been satisfied. I suffered personal injuries -

(i) Deprivation of procedural and substantive due process rights secured by the Fourteenth Amendment;
(ii) Emotional distress, anxiety, fear, humiliation, and mental anguish;
(iii) Loss of Liberty, immunities and interference with personal determination;
(iv) Litigation expenses and costs incurred in challenging unlawful trial on May 12, 2026;
(v) Exposure to unlawful fines, penalties, license consequences, and adverse governmental action;
(vi) Violation of rights protected under 42 U.S.C. § 1983;
(vii) Unreasonable search and seizure
(viii) Loss of dignity from loss of Liberty in public.
(ix) Damage to reputation
(x) Mental Anguish
(xi) The fear of being targeted again by Defendant (8) Stedman, who the Plaintiff believes was stalking him.

The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since Defendant (8) Stedman was personally involved, a causation exists between the rights violated and the injuries suffered. The Plaintiff is entitled to claim damages under Title 42 U.S.C. §1983 as it is clear that the Fourth and Fourteenth Amendment was violated without procedural and substantial due process.

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

1. Award a judgment and order Defendant (8) Stedman pay monetary damages. Compensatory damages of $1,000,000.00 and Punitive damages of $1,000,000.00 for the violation of the Fourteenth Amendment due process. Federal and State
2. Award a judgment and order Defendant (8) Stedman pay monetary damages. Compensatory damages of $1,000,000.00 and Punitive damages of $1,000,000.00 for the violation of the Fourth Amendment unreasonable search and seizure. Federal and State
3. Declare that Defendant (8) Stedman violated Plaintiff's rights under the Fourth Amendment unreasonable seizure;
4. Declare, that Defendant (8) Stedman violated Plaintiff's rights, Liberty and immunities under the Fourteenth Amendment's Due Process Clause;
5. Enter judgment against Defendant (8) Stedman in his individual capacity;
6. Grant such equitable or declaratory relief as the Court determines appropriate;
7. Grant pre- and post-judgment interest as permitted by law; and
8. Grant such other and further relief as the Court deems just and proper.
9. Award Statutory Fees under 42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs at $300,000)

## 1. SUMMARY OF RELIEF SOUGHT

A. FIRST CLAIM I:

1. Award a judgment ordering for Defendant (8) Stedman to pay $4,000,000.00 to Plaintiff for compensatory and Punitive damages.

2. Award Statutory Fees 42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

---

B. SECOND CLAIM II: Traffic stop on February 11, 2025. Trial on MAY 12, 2026.

**42 U.S.C. § 1983 – Procedural Due Process Violation (14th Amendment) against:**

DEFENDANT (1) MAYOR MALIK D. EVANS, DEFENDANT (2) DR. LESLIE B. SMITH, DEFENDANT (3) PAUL A. MARASCO, DEFENDANT (4) LA MARR JACKSON, DEFENDANT (5) TYNISE EDWARDS, DEFENDANT (6) UNNAMED RTVA CLERK, DEFENDANT (7) UNNAMED RTVA SECURITY OFFICER, DEFENDANT (8) PAUL D. STEDMAN, DEFENDANT (9) ROCHESTER TRAFFIC VIOLATIONS AGENCY (RTVA), DEFENDANT (10) CITY OF ROCHESTER. (collectively "RTVA")

1. I, the Plaintiff NEGRITO PAUL NOEL aka PAUL A. NOEL ("Plaintiff", "Noel"), bring this action under 42 U.S.C. § 1983 against all Defendants listed above individually and collectively as RTVA, as they were all personally involved and acted under the color of law when they subjected Noel to the deprivation of the right to be free from unreasonable search and seizure, Liberty, Property, constitutional and statutory rights, privileges and immunities without due process of the law, that are protected by the Fourth and Fourteenth Amendment and they shall be liable to the Plaintiff who was injured.

- "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable..." 42 U.S.C. § 1983 (edited)

2. Defendant (1) Mayor Malik D. Evans and Defendant (2) RTVA Executive Director Dr. Leslie B. Smith, acted under color of state law from February 11, 2025, through May 12, 2026, utilizing the municipal authority given by city residents, city funding from taxpayers from the Defendant (10), the City of Rochester, treasury, that financially supported the unauthorized operation of the litigation of PAUL A. NOEL cumulating in a trial conducted and organized Defendant (9), the Rochester Traffic Violations Agency ("RTVA"), that deprived the Plaintiff of the right to be free from unreasonable searches and seizures as the U.S. Mail was used to serve a summons under VTL226, absent authority to do so or hold a trial and a hearing at the RTVA located at 200 E. Main Street, Suite B-002, Rochester NY, 14604; deprived the Plaintiff of Liberty protected by the Fourth Amendment and deprived the Plaintiff of the right to liberty, property and immunities without due process of law protected by the Fourth and Fourteenth Amendment.

3. Plaintiff claims that Defendant (9) RTVA, has no support in law that excuses it from being restricted by VTL225(1). The RTVA had lost the statutory authority to hear and determine cases pertaining to alleged traffic infraction offenses, yet still scheduled and commenced trials while unauthorized to do so to prosecute the Plaintiff.

4. The Defendants had no authority pursuant to VTL226, to send PAUL A. NOEL, summonses to appear for a hearing/trial in their unauthorized quasi-judicial tribunal. The unauthorized summons and notices subjected the Plaintiff to make a special appearance, to appear in front of JHO Defendant (3) Marasco and JHO Defendant (4) Jackson who commenced the unauthorized trial on May 12, 2026. The prosecution was conducted by Defendant (5) Edwards who is the RTVA Traffic Prosecutor, in the presence of Defendant (6) unknown Clerk. It appears that Defendant (8) Stedman, was subpoenaed to appear as a witness and was sworn in by Defendant (7) Unknown security officer, the person who assaulted Noel during the Case No. 25020392.

- It should be noted that the CITY OF ROCHESTER promulgated itself as the injured party when it cannot be an injured party and has no standing to sue PAUL A. NOEL. See CPL1.20(1), which allows for THE PEOPLE OF THE STATE OF NEW YORK to have standing.

5. Under New York consolidated Law, Vehicle and Traffic Law (VTL) § 225(1), it reads:

- "§ 225. Jurisdiction; transfer of cases; hearing officers; regulations. 1. Notwithstanding any inconsistent provision of law, all violations of this chapter or of a law, ordinance, order, rule or regulation relating to traffic, except parking, standing, stopping or pedestrian offenses, which occur within a city having a population of one million or more in which administrative tribunals have heretofore, been established, and which are classified as traffic infractions, may be heard and determined pursuant to the regulations of the commissioner as provided in this article..." Edited

6. The City of Rochester originally established the Rochester Traffic Violations Agency (RTVA), on April 21, 2018, having received a unanimous vote in the City Council on October 17, 2017, when the population of the City of Rochester was around 205,000, and the population statutory threshold before a city in New York State may establish an administrative tribunal to hear traffic infractions pursuant to VTL § 225(1) was 200,000 residents. At that time, the RTVA was authorized to hear and determine cases pertaining to traffic infraction offenses.

7. On April 27, 2018, New York State Congress changed the population threshold back to being 1,000,000 or more residents, before the newly established RTVA may hear any cases and make determination.

8. The only option for the RTVA was to return the accusatory instruments to the Rochester City Court for them to dispose of the ticket.

9. Defendants (1), (2), (3), (4), (5), (6), (9) and (10), conspired with each other, decided to charge the Plaintiff $4,558.00 in penalties and subjected the Plaintiff to the deprivation of property, if he did not take their plea deal and plead guilty to 'Jaywalking', a charge the RTVA is prohibited from adjudicating by law and pay a penalty fee of $1,450.00.

10. Plaintiff believes that is the working definition of extortion and fraud.
11. Defendants (1), (2), (5), (6), (9) and (10), conspired with each other to use the U.S. Mail to summon PAUL A. NOEL to appear, or else be arrested under VTL226, knowing that the RTVA was not allowed to hear or make a determination pertaining to the alleged offenses at a trial or a hearing.

12. Plaintiff believes that is the working definition of mail fraud.

13. Defendants (1), (2), (3), (4), (5), (6), (9) and (10) knew or ought to have known that on May 12, 2026, over 30 days had past so the 30.30 rule was in effect and had tolled since the Plaintiff answer the complaint on March 24, 2025. If the RTVA was a court of competent jurisdiction Defendants (1), (2), (3), (4), (5), (6), (9) and (10), would have known that they had an obligation to dismiss the case as the City of Rochester failed to file a certificate of readiness and a certificate of compliance within 30 days. This was a 2024 case that was resurrected in 2026.

14. Defendants (1), (2), (3), (4), (5), (6), (9) and (10) had an obligation to protect the Plaintiff's right and not offend the Fourth amendment and test for sufficient on its face, under CPL140.45 before dismissing the instruments and discharging PAUL A. NOEL. This test was not completed. Those procedural safeguards were not followed that only violated 42 U.S.C. 14141 (34 U.S.C. 12601) and 42 U.S.C.1983.

15. **Lack of Statutory Authority.** The Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), were required to act within the jurisdiction and authority granted by New York State Governor and New York Consolidated Law, Vehicle and Traffic Law (VAT, VTL), and follow VTL §§ 225, 226, and 227, and the statutory provisions governing submitted briefs as the Plaintiff has a right to be heard through his filings, answers, responses, service, and adjudication of the twelve (12) accusatory instruments.

16. **Specific Jurisdictional Objection.** Plaintiff repeatedly notified the Defendants that he disputed the RTVA's authority over him and objected to the commencement of a trial without the full disclosure of the discovery material he demanded. The Plaintiff did put the Defendants on notice that they had no jurisdiction and that any meeting in person would cost each of them based on a payment fee schedule on March 24, 2025, December 12, 2025, May 1, 2026, and May 11, 2026, which was ignored as the Defendants failed to respond.

17. Since the Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), all participated in a trial that was unauthorized, they all violated the Plaintiffs right to Liberty, immunities and property without due process of law and must be held liable for the injuries caused.

18. Even if the RTVA had subject-matter and personal jurisdiction over the case and PAUL A. NOEL, the deprivation of rights, liberty, immunities, and property would still be violated as those rights, liberty, immunities, and property, as the RTVA expected the Plaintiff to defend and prove his case instead of the burden being on the City of Rochester to establish the charges by clear and convincing evidence. The RTVA when asked for exculpatory evidence and the evidence they intended to use a trial, the demand for Discovery was refused.
19. Moreover, when the Plaintiff took time out to prepare and personally deliver the demands Defendant (7) would harass the Plaintiff and Defendant (2) Smith would refuse to accept the brief filing in violation of law (citation omitted)

20. The RTVA refused to acknowledge that Defendant (8) Stedman was engaging in criminal behavior by having a custom of serving only eight (8) accusatory instrument, then adding four (4) additional accusatory instruments identified by Plaintiff are numbered S250096988, S250096989, S250096990, and S250096991.

21. There was no interest from the RTVA to correct the record as personal nor subject-matter concerns were raised.

22. Plaintiff further claims that Defendant (8) Stedman's addition to the already served accusatory instruments behind the Plaintiff's back was not an isolated incident of unethical behavior. On July 24, 2024. For reference, Case No. 24071089 contained eight (8) accusatory instruments, but only seven accusatory instruments were served and an additional instrument was subsequently added.

23. In this case, it was obvious that the that personal jurisdiction was not acquired as the ticket numbers were not in a sequence, and I had pointed it out to them, yet Defendants (1), (2), (3), (4), (5), (6), (9) and (10) has a custom and practice of ignoring facts pertaining to jurisdiction and still seeks to send late notices to justify making a determination absent the authority to do so, which has caused the Plaintiff prejudice.

24. **Conflict Between Notice and Proceeding.** The RTVA issued a notice characterizing the May 12, 2026, proceeding as a "FINAL TRIAL". On May 12, 2026, while Judicial Hearing Officer Paul A. Marasco subsequently characterized the proceeding as a hearing. Plaintiff alleges that the term 'trial' was used in summonses notices and plea offers and trial instructions as a form of intimidation and coercion of the victims such as the Plaintiff. Moreover, the Plaintiff allege that the term 'trial' was used to induce 'fear' and to give Mayor Malik D. Evans's money making scheme credibility and legitimacy when it is seen by city residents and the Plaintiff as a quick and easy money grab to exploit poor city residents.

25. **Failure to Provide Discovery.** Plaintiff further alleges that although illegitimate, the trial continued even though discovery previously demanded by the Plaintiff had not been produced, impairing Plaintiff's ability to prepare and present a defense and prove his case. On May 12, 2026, the trial had to be adjourned so that once again, the Plaintiff had to resent and demand the discovery previously demanded. Even this day, the RTVA has refused to provide all the discovery demanded before a second day of trial may commence.

26. **Causation.** Plaintiff claims that each Defendant's individual acts, coordinated attack on his liberty, property and immunities without due process was a substantial and actual cause of the deprivation of Plaintiff's protected interests and rights protected by the Fourth and Fourteenth Amendment.

27. **Individual Defendant Liability.** Plaintiff further alleges that each individual Defendant personally participated in the challenged misconduct and therefore may be held liable. The mayor of the City of Rochester is not a supervisory, his job is to direct and control the operations, so there is no supervisory position of any of the Defendants.

28. **Municipal Liability.** To the extent Plaintiff asserts a claim against the City of Rochester, Plaintiff claims that the constitutional deprivation resulted from an official policy, practice, custom, or decision of an official possessing final policymaking authority concerning the challenged conduct. Mayor Evans and Executive Director Smith along with Traffic Prosecutor Edwards are the head policy makers and clearly decided to injury city residents by their actions and injured the Plaintiff. The policy of overstating the original charges, then lowering the plea deal when the Defendants are aware that the tickets are frivolous and without merit because all twelve instruments pertain specifically to a 'motor vehicle' and the Plaintiffs Title and registration makes no mention of a 'motor vehicle', so it is unconstitutional to even find any of the accusatory instruments that pertain to a 'motor vehicle' applicable to a passenger vehicle.

29. It should be noted that there is no statute that states that a passenger vehicle is a motor vehicle. There is an inference that a commercial vehicle at registration is a motor vehicle. See Title 18 U.S.C. 31(a)(6) and (a)(10), VTL511-a(3), 501-a (4)(a), and 501-a(4)(b)(i) The Plaintiff further alleges that the policy, practice, custom, or final decision to commence a trial of PAUL A. NOEL absent jurisdiction found in VTL225(1), was the moving force behind the constitutional deprivation, which was all controlled and directed by Mayor Malik D. Evans and Executive Director Dr. Leslie B. Smith along with the Traffic Prosecutor Tynise Edwards and Defendants (3), (4), (6), (7), (8), (9) and (10).

30. **Actual Injury.** Plaintiff claims that he suffered actual injury as a direct result of the Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10)' misconduct, as he was subjected the deprivation of property and liberty absent due process. Injuries also include the burden of compulsory governmental proceedings by way of a notice summons that chilled the Plaintiff's liberty, threaten the Plaintiffs property to the tune of $4,558.00 and subjected the Plaintiff to an unreasonable searched and seizure by the Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), and security upstairs on the ground floor, exposure to monetary liability of potentially owing $4,558.00, was scary and interference with his ability to defend himself without discovery as the Plaintiff had to prove his own case, which would not have happened in a competent court jurisdiction. Moreover, the RTVA withheld exculpatory evidence by refusing to produce discovery as demanded. Furthermore, the Plaintiff was subjected to an assault by the Unnamed RTVA security officer in the middle of the trial.

- CPL § § 120.20, 130.30 and 140.45 likewise provides a judicial mechanism for testing the sufficiency of an accusatory instrument in connection with the issuance of a warrant. CPL §§ 100.15, 100.25, and 100.40 establish additional requirements governing the form, contents, and facial sufficiency of accusatory instruments. CPL §§ 130.30, 170.30, and 170.35 likewise provide additional statutory protections and grounds upon which the legal sufficiency or validity of an accusatory instrument may be tested.

31. Plaintiff contends that these statutory safeguards collectively establish a sequence of mandatory legal examinations designed to prevent the government from prosecuting a person upon an instrument that is legally insufficient, improperly drawn and filed as sufficient, unsupported by the governing statute, or otherwise incapable of providing a lawful basis for the proceeding. The Defendants (1), (2), (3), (4), (5), (6), and (8) and Defendants (9) and (10), failed to test for insufficiency on its face of each of the twelve (12) accusatory instruments thus failing to protect the Plaintiff from a due process rights violation

32. If not for the actions of Defendant (8) Stedman, the Plaintiff would not have suffered injury. The injuries suffered are the reasonably foreseeable consequences of the Defendant (8) Stedman's actions of abridging rights and immunities without due process protected by the Fourteenth Amendment and conducting an unreasonable search and seizure protected by the Fourth Amendment, then became a false witness to the facts. The court must accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d Cir. 2009). The District Court is prohibited from dismissing this case as it would be a seventh Amendment violation as there is an injured party. Rule 8(a) has been satisfied. I suffered personal injuries -

(i) Deprivation of procedural and substantive due process rights secured by the Fourteenth Amendment;
(ii) Emotional distress, anxiety, fear, humiliation, and mental anguish;
(iii) Loss of Liberty, immunities and interference with personal determination;

(iv) Litigation expenses and costs incurred in challenging unlawful trial on May 12, 2026;
(v) Exposure to unlawful fines, penalties, license consequences, and adverse governmental action;
(vi) Violation of rights protected under 42 U.S.C. § 1983;
(vii) Unreasonable search and seizure
(viii) Loss of dignity from loss of Liberty in public.
(ix) Damage to reputation
(x) Mental Anguish
(xi) The fear of being targeted again by Defendant (8) Stedman, who the Plaintiff believes was stalking him.

33. The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since The Defendants (1), (2), (3), (4), (5), (6), and (8) and Defendants (9) and (10) were personally involved, a causation exists between the rights violated and the injuries suffered. The Plaintiff is entitled to claim damages under Title 42 U.S.C. §1983 as it is clear that the Fourth and Fourteenth Amendment was violated without procedural and substantial due process.

---

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

1. Award a judgment and order The Defendants (1), (2), (5), (6), and (8) and Defendants (9) and (10) pay monetary damages. Compensatory damages of $1,000,000.00 each and Punitive damages of $1,000,000.00 each for the violation of the Fourteenth Amendment due process. Federal and State
2. Award a judgment and order The Defendants (1), (2), (5), (6), and (8) and Defendants (9) and (10) pay monetary damages. Compensatory damages of $1,000,000.00 each and Punitive damages of $1,000,000.00 each for the violation of the Fourth Amendment unreasonable search and seizure. Federal and State
3. Declare that The Defendants (1), (2), (3), (4), (5), (6), and (8) and Defendants (9) and (10) violated Plaintiff's rights under the Fourth Amendment unreasonable seizure;
4. Declare, that The Defendants (1), (2), (3), (4), (5), (6), and (8) and Defendants (9) and (10) violated Plaintiff's rights, Liberty and immunities under the Fourteenth Amendment's Due Process Clause;
5. Enter judgment against The Defendants (1), (2), (3), (4), (5), (6), and (8) and Defendants (9) and (10) in his individual capacity;
6. Grant such equitable or declaratory relief as the Court determines appropriate;
7. Grant pre- and post-judgment interest as permitted by law; and
8. Grant such other and further relief as the Court deems just and proper.
9. Award Statutory Fees under 42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs at $300,000)

---

## 2.SUMMARY OF RELIEF SOUGHT

B. SECOND CLAIM II:

1. Award a judgment ordering for Defendant (8) Stedman to pay $28,000,000.00 to Plaintiff for compensatory and Punitive damages.
2. Award Statutory Fees 42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

C. THIRD CLAIM III: On MAY 12, 2026, at 8:30am

**42 U.S.C. § 1983 – MALICOUS PROSECUTION Violation (4th Amendment) against:**

DEFENDANT (1) MALIK D. EVANS, DEFENDANT (2) DR. LESLIE B. SMITH, DEFENDANT (3) PAUL A. MARASCO, DEFENDANT (4) LA MARR JACKSON, DEFENDANT (5) TYNISE EDWARDS, DEFENDANT (6) UNNAMED RTVA CLERK, DEFENDANT (7) UNNAMED RTVA SECURITY OFFICER, DEFENDANT (8) PAUL D. STEDMAN, DEFENDANT (9) ROCHESTER TRAFFIC VIOLATIONS AGENCY (RTVA), DEFENDANT (10) CITY OF ROCHESTER.

C. Background

1. On February 11, 2025, at about 1pm, Defendant Trooper Stedman [Defendant 8] executed a traffic stop on Plaintiff near 266 Allen Street, Rochester, NY, filed twelve (12) accusatory instruments under the Vehicle and Traffic Law (VTL §§ 401(1)(a), 306(B), 319(1)(U), 375(35)(C), 375(3)(A), 375(12)(A)(3), 509(1), 509(2), 1163(0A), 401(3), 507(2), and 1163(0B)). Defendants (1), (2), (5), (6), (9), and (10) scheduled an administrative trial date for Case No. 25020392 for May 12, 2026, and ordered Defendant (3) and (4) to commence the trial

**Lack of Subject-Matter Jurisdiction**

1. Under New York consolidated Law, Vehicle and Traffic Law (VTL) § 225(1), it reads:

   - "§ 225. Jurisdiction; transfer of cases; hearing officers; regulations. 1. Notwithstanding any inconsistent provision of law, all violations of this chapter or of a law, ordinance, order, rule or regulation relating to traffic, except parking, standing, stopping or pedestrian offenses, which occur within a city having a population of one million or more in which administrative tribunals have heretofore, been established, and which are classified as traffic infractions, may be heard and determined pursuant to the regulations of the commissioner as provided in this article..." Edited

2. The City of Rochester originally established the Rochester Traffic Violations Agency (RTVA), on April 21, 2018, having received a unanimous vote in the City Council on October 17, 2017, when the population of the City of Rochester was around 205,000, and the population statutory threshold before a city in New York State may establish an administrative tribunal to hear traffic infractions pursuant to VTL § 225(1) was 200,000 residents. At that time, the RTVA was authorized to hear and determine cases pertaining to traffic infraction offenses.
3. On April 27, 2018, New York State Congress changed the population threshold back to being 1,000,000 or more residents, before the newly established RTVA may hear any cases and make determination.
4. The only option for the RTVA was to return the accusatory instruments to the Rochester City Court for them to dispose of the ticket.
5. Defendants (1), (2), (3), (4), (5), (6), (9) and (10), conspired with each other, decided to charge the Plaintiff $4,558.00 in penalties and subjected the Plaintiff to the deprivation of property, if he did not take their plea deal and plead guilty to 'Jaywalking', a charge the RTVA is prohibited from adjudicating by law and pay a penalty fee of $1,450.00.
6. Plaintiff believes that the actions of the defendants is the working definition of extortion and fraud.
7. Defendants (1), (2), (5), (6), (9) and (10), conspired with each other to use the U.S. Mail to summon PAUL A. NOEL to appear, or else be arrested under VTL226, knowing that the RTVA was not allowed to hear or make a determination pertaining to the alleged offenses at a trial or a hearing.
8. Defendants (1), (2), (3), (4), (5), (6), (9) and (10) knew or ought to have known that on May 12, 2026, over 30 days had passed so the 30.30 rule was in effect and had tolled since the Plaintiff answer the complaint on March 24, 2025. If the RTVA was a court of competent jurisdiction Defendants (1), (2), (3), (4), (5), (6), (9) and (10), would have known that they had an obligation to dismiss the case as the City of Rochester failed to file a certificate of readiness and a certificate of compliance within 30 days. This was a 2024 case that was resurrected in 2026.
9. Defendants (1), (2), (3), (4), (5), (6), (9) and (10) had an obligation to protect the Plaintiff's right and not offend the Fourth amendment and test for sufficient on its face, under CPL140.45 before dismissing the instruments and discharging PAUL A. NOEL. This test was not completed. Those procedural safeguards were not followed that only violated 42 U.S.C. 14141 (34 U.S.C. 12601) and 42 U.S.C.1983.

10. Consequently, Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), possessed **zero statutory subject-matter jurisdiction** to commence a trial, adjudicate accusatory instruments, or compel Plaintiff to submit to administrative adjudication or summon him to appear for a trial or hearing.
11. Plaintiff provided formal written notices challenging RTVA's lack of subject-matter jurisdiction on **March 24, 2025, December 12, 2025, May 1, 2026, and May 11, 2026 and in person on May 12, 2026.**

12. Defendants completely ignored Plaintiff's jurisdictional objections and refused to resolve the threshold issue prior to proceeding.

**The May 12, 2026 Proceeding and Coerced Plea**

1. On May 12, 2026, at 200 E. Main Street, Suite B-002, Rochester, NY, 14604, at 8:30am, Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), subjected Plaintiff to an unlawful trial proceeding and an unreasonable search and seizure and subjected Noel to the deprivation of immunities, property, and Liberty.

2. During the trial proceedings, Plaintiff made it clear on the record that his appearance was not voluntary and was made under threat of license suspension, arrest warrant, and physical harm.

3. Facing $4,558.00 in potential monetary penalties, threat of license suspension, and potential arrest, Plaintiff reluctantly witnessed the illegal trial as he refused to plea to "Jaywalking" and pay $1,450.00.

4. The trial of the twelve (12) underlying VTL accusatory instruments was stopped on day 1 because the Plaintiff was unable to meet his burden to prove the case. Defendant (3) promised a second day of trial, but did not set a date. The Plaintiff gave the proposal of two weeks to resume the illegal trial proceedings. Since two weeks have past, the Plaintiff believes that the Traffic prosecutor Defendant (5) has abandoned the prosecution. Two documents of default for discovery demand, opportunity to cure and for the trial to continue was sent to the Defendants and at this time, the City of Rochester is in default and the case no. 25020392 has ended without a criminal conviction on those charges.

5. Plaintiff realleges paragraphs 1–13 as if fully set forth herein.
6. Defendants initiated and continued an administrative prosecution against Plaintiff without subject-matter jurisdiction or probable cause under VTL §§ 225, 226, and 227. Defendants continued the prosecution although the twelve accusatory instruments were insufficient on its face. Failure of Defendants (1), (2), (3), (4), (5), (6), and (8), (9) and (10) to show no interest in four (4) of the twelve accusatory instruments because personal jurisdiction was not acquired on them. Plaintiff further alleges that, after the initial eight (8) accusatory instruments were issued and served, Defendant (8) Stedman added four additional accusatory instruments without personally serving those instruments upon Plaintiff.

7. Plaintiff claims that because the four (4) additional instruments were not personally served upon him, Defendant (8) Stedman did not acquire personal jurisdiction over Plaintiff with respect to those instruments.

8. Plaintiff further claims that Defendant Stedman's addition of accusatory instruments after the initial service was not an isolated event, but reflected a custom and practice that had previously occurred in connection with an earlier July 24, 2024, incident with Case No. 24071089 also filed in the RTVA. Plaintiff alleges that, on that occasion, seven accusatory instruments were served and an additional instrument was subsequently added.

9. Here, it was obvious that the that personal jurisdiction was not acquired yet Defendants (1), (2), (3), (4), (5), (9) and (10) has a custom and practice of ignoring facts pertaining to jurisdiction and still seeks to hear the subject alleged offenses and make determinations without jurisdiction, which injured the Plaintiff.

10. Defendants (1), (2), (3), (4), (5), (9) and (10) acted with actual malice, bad faith, and reckless disregard for Plaintiff's rights, proceeding with prosecution despite knowing they lacked legal authority and despite receiving four separate formal jurisdictional objections from Plaintiff, ignore him.

11. The underlying twelve (12) VTL accusatory instruments terminated by abandonment and default of a second day of trial that did not occur within the time agreed so the case is terminated in Plaintiff's favor when they were disposed of without a conviction on those charges (*Thompson v. Clark*, 596 U.S. 36 (2022))

12. Plaintiff suffered a post-arraignment deprivation of liberty (Fourth Amendment seizure) and property interest under compulsion of legal process, including mandatory court appearances, threats of arrest warrants, driver's license suspension, and a forced to pay $4,558.00, as he was subjected the deprivation of rights, liberty and property.

13. Since the case did not end in a conviction, the Plaintiff claims that Defendants (1), (2), (3), (4), (5), (9) and (10) are liable for malicious prosecution.

The injuries suffered are the reasonably foreseeable consequences of the Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), violation of the Fourth Amendment of the Constitution of the United States would not have been violated. The court should accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d Cir. 2009). The District Court is prohibited from dismissing this case as it would be a seventh Amendment violation as there is an injured party. Rule 8(a) has been satisfied. I suffered personal injuries -

(i) Unreasonable search and seizure.
(ii) Emotional distress, anxiety, fear, humiliation, and mental anguish;
(iii) Loss of time and interference with personal affairs;
(iv) Litigation expenses and costs incurred in challenging unlawful proceedings;
(v) Exposure to unlawful fines, penalties, license consequences, and adverse governmental action;
(vi) Violation of rights protected under 42 U.S.C. § 1983;
(vii) Such other injuries as may be proven at trial.
(viii) Unreasonable search and seizure by sending summons absent jurisdiction.
(ix) Shame of being seized.
(x) Loss of dignity from loss of Liberty in public.
(xi) The depression and stress of being assaulted.
(xii) Damage to reputation
(xiii) Mental Anguish
(xiv) The fear of being targeted on the City of Rochester Mayor, TVA Executive Director, Traffic Prosecutor, Clerk, Security and quasi-judicial hearing officers again.

The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), were all personally involved, a causation exists between the rights violation and the injuries. The Plaintiff is entitled to claim damages under Title 42 U.S.C. §1983 as it is clear that the Fourth Amendment was violated and procedural and substantial due process was abridged.

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

1. Award a judgment and order Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), to pay monetary damages. Compensatory damages of $1,000,000.00 each and Punitive damages of $1,000,000.00 each for the violation of the Fourth Amendment malicious prosecution with the same compensation and punitive damages for the malicious prosecution of the Plaintiff. State tort claim
2. Award Statutory Fees42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

3. SUMMARY OF RELIEF SOUGHT

C. THIRD CLAIM III:

1. Award a judgment ordering for Defendants (5) to pay $20,000,000.00 to Plaintiff for compensatory and Punitive damages.
2. Award Statutory Fees 42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

D. FOURTH CLAIM IV: On MAY 12, 2026, at 8:30am

**42 U.S.C. § 1983 – Assault Violation (4th Amendment) against:**

DEFENDANT (7) UNNAMED RTVA SECURITY OFFICER

A. Background

1. On February 11, 2025, at approximately 2:00 p.m., Defendant Paul D. Stedman ("Stedman"), a New York State Police Trooper identified as Defendant 8, stopped Plaintiff near 266 Allen Street, Rochester, New York. The Mayor his Executive Director and the Traffic Prosecutor scheduled a trial on May 12, 2026

2. During the trial (unlawful trial) there came a time when the Plaintiff was speaking in open proceedings, when Defendant (7) unnamed security officer rushed the Plaintiff frightening the Plaintiff as the Plaintiff believed that Defendant (7) was going to be attacked and harmed by Defendant 8(7) unnamed security officer. Plaintiff kept yelling to the Defendant (7) to stop his assault. Defendant (7) kept approaching Plaintiff with a force that a reasonable person would believe that he was being assaulted and would be battered. Defendant (7) moved from where he was and stop too close to the Plaintiff and remained standing there. Plaintiff told him to more and was ignored. There came a time during Defendant (7) intimidation, that Defendant (3) JHO Marasco had to yell at Defendant (7) Unnamed Security Officer to stop and back away. That is the only time Defendant (7) Unnamed Security Officer changed his approach of intimidation and aggression towards the Plaintiff and backed away from the Plaintiff. Defendant (5) Edwards, Defendant (6) Unnamed RTVA Clerk, and Defendant (8) Stedman, failed to intervene to stop the assault.

3. **The Assault** did *not* rise to the level of physical contact or injury only mental and emotional trauma as the Plaintiff believed the significantly mountain of a person would harm him and kept yelling in fear. The aggressive posture of Defendant (7) was an intentional act that placed the plaintiff in reasonable apprehension of imminent harmful or offensive contact and the Plaintiff kept yelling at Defendant (7) until Defendant (3) yelled at him to stop and waived his hand indicating that Defendant (7) needed to back off.

4. If not for the actions of Defendant (7) Unnamed RTVA security Officer and his aggressive behavior, no injury due to the assault would not have occurred.

5. The injuries suffered are the reasonably foreseeable consequences of the Defendant (7) Unnamed Security Officer aggression and the failure of Defendants (5), (6) and (8) to intervene, the Fourth Amendment of the Constitution of the United States would not have been violated. The court should accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d Cir. 2009). The District Court is prohibited from dismissing this case as it would be a seventh Amendment violation as there is an injured party. Rule 8(a) has been satisfied. I suffered personal injuries -

(i) Deprivation of procedural and substantive due process rights secured by the Fourteenth Amendment;
(ii) Deprivation of liberty interests protected by the Fourteenth Amendment;
(iii) Emotional distress, anxiety, fear, humiliation, and mental anguish;
(iv) Loss of time and interference with personal affairs;
(v) Litigation expenses and costs incurred in challenging unlawful proceedings;
(vi) Exposure to unlawful fines, penalties, license consequences, and adverse governmental action;
(vii) Violation of rights protected under 42 U.S.C. § 1983;
(viii) Such other injuries as may be proven at trial.
(ix) Unreasonable search and seizure by sending summons absent jurisdiction.
(x) Shame of being seized.
(xi) Loss of dignity from loss of Liberty in public.
(xii) The depression and stress of being assaulted.
(xiii) Damage to reputation
(xiv) Mental Anguish
(xv) The fear of being targeted on the City of Rochester Mayor, TVA Executive Director, Traffic Prosecutor, Clerk, Security and quasi-judicial hearing officers again.
(xvi) The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since Defendants (5) was personally involved, a causation exists between the rights violation and the injuries. The Plaintiff is entitled to claim damages under Title 42 U.S.C. §1983 as it is clear that the Fourth and Fourteenth Amendment was violated and procedural and substantial due process was abridged.

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

1. Award a judgment and order Defendants (5), (6), (7), and (8) to pay monetary damages. Compensatory damages of $1,000,000.00 each and Punitive damages of $1,000,000.00 each for the violation of the Fourth Amendment unreasonable seizure, with the same compensation and punitive damages for the State tort claim

2. Award Statutory Fees42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

---

4. SUMMARY OF RELIEF SOUGHT

D. FOURTH CLAIM IV:

1. Award a judgment ordering for Defendants (7) to pay $8,000,000.00 to Plaintiff for compensatory and Punitive damages.
2. Award Statutory Fees 42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

---

E. FIFTH CLAIM V: On MAY 12, 2026, at 8:30am

**42 U.S.C. § 1983 – Failure to intervene (4th Amendment) against:**

DEFENDANT (5) TYNISE EDWARDS, DEFENDANT (6) UNNAMED RTVA CLERK, DEFENDANT (8) PAUL D. STEDMAN

A. Background

6. On February 11, 2025, at approximately 2:00 p.m., Defendant Paul D. Stedman ("Stedman"), a New York State Police Trooper identified as Defendant 8, stopped Plaintiff near 266 Allen Street, Rochester, New York. The Mayor his Executive Director and the Traffic Prosecutor scheduled a trial on May 12, 2026

7. During the trial (unlawful trial) there came a time when the Plaintiff was speaking in open proceedings, when Defendant (7) unnamed security officer rushed the Plaintiff frightening the Plaintiff as the Plaintiff believed that Defendant (7) was going to be attacked and harmed by Defendant 8(7) unnamed security officer. Plaintiff kept yelling to the Defendant (7) to stop his assault. Defendant (7) kept approaching Plaintiff with a force that a reasonable person would believe that he was being assaulted and would be battered. Defendant (7) moved from where he was and stop too close to the Plaintiff and remained standing there. Plaintiff told him to more and was ignored. There came a time during Defendant (7) intimidation, that Defendant (3) JHO Marasco had to yell at Defendant (7) Unnamed Security Officer to stop and back away. That is the only time Defendant (7) Unnamed Security Officer changed his approach of intimidation and aggression towards the Plaintiff and backed away from the Plaintiff. Defendant (5) Edwards, Defendant (6) Unnamed RTVA Clerk, and Defendant (8) Stedman, failed to intervene to stop the assault.

8. **The Assault** did *not* rise to the level of physical contact or injury only mental and emotional trauma as the Plaintiff believed the significantly mountain of a person would harm him and kept yelling in fear. The aggressive posture of Defendant (7) was an intentional act that placed the plaintiff in reasonable apprehension of imminent harmful or offensive contact and the Plaintiff kept yelling at Defendant (7) until Defendant (3) yelled at him to stop and waived his hand indicating that Defendant (7) needed to back off.

9. If not for the actions of Defendant (7) Unnamed RTVA security Officer and his aggressive behavior, no injury due to the assault would not have occurred.

10. The injuries suffered are the reasonably foreseeable consequences of the Defendant (7) Unnamed Security Officer aggression and the failure of Defendants (5), (6) and (8) to intervene, the Fourth Amendment of the Constitution of the United States would not have been violated. The court should accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d Cir. 2009). The District Court is prohibited from dismissing this case as it would be a seventh Amendment violation as there is an injured party. Rule 8(a) has been satisfied. I suffered personal injuries -

(xvii) Deprivation of procedural and substantive due process rights secured by the Fourteenth Amendment;
(xviii) Deprivation of liberty interests protected by the Fourteenth Amendment;
(xix) Emotional distress, anxiety, fear, humiliation, and mental anguish;
(xx) Loss of time and interference with personal affairs;
(xxi) Litigation expenses and costs incurred in challenging unlawful proceedings;
(xxii) Exposure to unlawful fines, penalties, license consequences, and adverse governmental action;
(xxiii) Violation of rights protected under 42 U.S.C. § 1983;
(xxiv) Such other injuries as may be proven at trial.
(xxv) Unreasonable search and seizure by sending summons absent jurisdiction.
(xxvi) Shame of being seized.
(xxvii) Loss of dignity from loss of Liberty in public.
(xxviii) The depression and stress of being assaulted.
(xxix) Damage to reputation
(xxx) Mental Anguish
(xxxi) The fear of being targeted on the City of Rochester Mayor, TVA Executive Director, Traffic Prosecutor, Clerk, Security and quasi-judicial hearing officers again.
(xxxii) The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since Defendants (5) was personally involved, a causation exists between the rights violation and the injuries. The Plaintiff is entitled to claim damages under Title 42 U.S.C. §1983 as it is clear that the Fourth and Fourteenth Amendment was violated and procedural and substantial due process was abridged.

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

1. Award a judgment and order Defendants (5), (6), (7), and (8) to pay monetary damages. Compensatory damages of $1,000,000.00 each and Punitive damages of $1,000,000.00 each for the violation of the Fourth Amendment unreasonable seizure, with the same compensation and punitive damages for the State tort claim
2. Award Statutory Fees 42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

5. SUMMARY OF RELIEF SOUGHT

E. FIFTH CLAIM V:

1. Award a judgment ordering for Defendants (5), (6), and (8) to pay $6,000,000.00 to Plaintiff for compensatory and Punitive damages.

2. Award Statutory Fees 42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

F. SIX CLAIM VI: On MAY 12, 2026, at 8:30am

**42 U.S.C. § 1983 – UNREASONABLE SEARCH AND SEIZURE Violation (4th Amendment) against:**

DEFENDANT (1) MALIK D. EVANS, DEFENDANT (2) DR. LESLIE B. SMITH, DEFENDANT (3) PAUL A. MARASCO, DEFENDANT (4) LA MARR JACKSON, DEFENDANT (5) TYNISE EDWARDS, DEFENDANT (6) UNNAMED RTVA CLERK, DEFENDANT (9) ROCHESTER TRAFFIC VIOLATIONS AGENCY (RTVA), DEFENDANT (10) CITY OF ROCHESTER.

F. Background

1. On February 11, 2025, Defendant Trooper Stedman [Defendant 8] executed a traffic stop on Plaintiff near 266 Allen Street, Rochester, NY, issuing twelve (12) accusatory instruments under the Vehicle and Traffic Law (VTL §§ 401(1)(a), 306(B), 319(1)(U), 375(35)(C), 375(3)(A), 375(12)(A)(3), 509(1), 509(2), 1163(0A), 401(3), 507(2), and 1163(0B)).
2. Defendants (1), (2), (9), and (10) scheduled an administrative trial date for Case No. 25020392 for May 12, 2026.

**Lack of Subject-Matter Jurisdiction**

3. Pursuant to N.Y. consolidated law, Vehicle and Traffic Law § 225(1), municipal administrative tribunals like the RTVA possess statutory jurisdiction to hear and adjudicate traffic infractions only in the city population meets the strict statutory population threshold enacted by the New York State Legislature.

4. Effective April 27, 2018, the statutory population threshold required under VTL § 225(1) for a city to hold trials, adjudicate traffic infractions and make determinations was established at 1,000,000 or more residents.

5. At all relevant times, the City of Rochester's population remained significantly under 1,000,000 residents.

6. Consequently, Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), possessed **zero statutory subject-matter jurisdiction** to hold trials, adjudicate accusatory instruments, or compel Plaintiff to submit to administrative adjudication or summon him to appear for a trial.

7. Plaintiff provided formal written notices challenging RTVA's lack of subject-matter jurisdiction on **March 24, 2025, December 12, 2025, May 1, 2026, and May 11, 2026.**

8. Defendants completely ignored Plaintiff's jurisdictional objections and refused to resolve the threshold issue prior to proceeding.

**The May 12, 2026 Proceeding and Coerced Plea**

14. On May 12, 2026, at 200 E. Main Street, Suite B-002, Rochester, NY, 14604, at 8:30am, Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), subjected Plaintiff to an unlawful trial proceeding and an unreasonable search and seizure.

15. During proceedings, Plaintiff made it clear on the record that his appearance was not voluntary and was made under threat of license suspension, arrest warrant, and physical harm.

16. Facing $4,558.00 in potential monetary penalties, threat of license suspension, and potential arrest, Plaintiff reluctantly witnessed the illegal trial as he refused to plea to "Jaywalking" and pay $1,450.00.

17. The trial of the twelve (12) underlying VTL accusatory instruments was stopped for day 1 of the trial. Defendant (3) promised a second day of trial, but did not set a date. The Plaintiff gave the proposal of two weeks to resume the illegal proceedings. Since two weeks have past, the Plaintiff believes that the Traffic prosecutor Defendant (5) has abandoned the prosecution. Two documents of default for discovery and for the trial to continue was sent to the Defendants and at this time, the City of Rochester is in default and the case no. 25020392 has ended without a criminal conviction on those charges.

18. Plaintiff realleges paragraphs 1–13 as if fully set forth herein.
19. Defendants initiated and continued an administrative prosecution against Plaintiff without subject-matter jurisdiction or probable cause under VTL §§ 225, 226, and 227. Defendants continued the prosecution although the twelve accusatory instruments were insufficient on its face. Failure of Defendants (1), (2), (3), (4), (5), (6), and (8) to show no interest in four of the twelve accusatory instruments because personal jurisdiction was not acquired on them. Plaintiff further alleges that, after the initial eight accusatory instruments were issued and served, Defendant (8) Stedman added four additional accusatory instruments without personally serving those instruments upon Plaintiff.

20. Here, it was obvious that the that personal jurisdiction was not acquired yet Defendants (1), (2), (5), (9) and (10) has a custom and practice of ignoring facts pertaining to jurisdiction and still seeks to hear the subject alleged offenses and make determinations without jurisdiction, which injured the Plaintiff.

**New York Common Law – unreasonable search and seizure**

21. Plaintiff realleges paragraphs 1–22 as if fully set forth herein.
22. Defendants illegally served the Plaintiff with a notice summons under VTL226, absent having the authority to commence a hearing or a trial. The Defendants acted under the color of law and caused the Plaintiff to be seizure as he was not free to go or else be arrested. The defendants who issued or served the summons acted with official state or municipal authority. The Defendants intentionally restricted the plaintiff's freedom of movement through physical force or submission to an assertion of authority.

If not for the actions of Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), no injury would have occurred.

The injuries suffered are the reasonably foreseeable consequences of the Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), violation of the Fourth Amendment of the Constitution of the United States would not have been violated. The court should accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d Cir. 2009). The District Court is prohibited from dismissing this case as it would be a seventh Amendment violation as there is an injured party. Rule 8(a) has been satisfied. I suffered personal injuries -

(xv) Unreasonable search and seizure.
(xvi) Emotional distress, anxiety, fear, humiliation, and mental anguish;
(xvii) Loss of time and interference with personal affairs;
(xviii) Litigation expenses and costs incurred in challenging unlawful proceedings;
(xix) Exposure to unlawful fines, penalties, license consequences, and adverse governmental action;
(xx) Violation of rights protected under 42 U.S.C. § 1983;
(xxi) Such other injuries as may be proven at trial.
(xxii) Unreasonable search and seizure by sending summons absent jurisdiction.
(xxiii) Shame of being seized.
(xxiv) Loss of dignity from loss of Liberty in public.
(xxv) The depression and stress of being assaulted.
(xxvi) Damage to reputation
(xxvii) Mental Anguish
(xxviii) The fear of being targeted on the City of Rochester Mayor, TVA Executive Director, Traffic Prosecutor, Clerk, Security and quasi-judicial hearing officers again.

The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), were all personally involved, a causation exists between the rights violation and the injuries. The Plaintiff is entitled to claim damages under Title 42 U.S.C. §1983 as it is clear that the Fourth Amendment was violated and procedural and substantial due process was abridged.

---

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

1. Award a judgment and order Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), to pay monetary damages. Compensatory damages of $1,000,000.00 each and Punitive damages of $1,000,000.00 each for the violation of the Fourth Amendment malicious prosecution with the same compensation and punitive damages for the Federal claim
2. Award a judgment and order Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), to pay monetary damages. Compensatory damages of $1,000,000.00 each and Punitive damages of $1,000,000.00 each for the violation of the Fourth Amendment unreasonable search and seizure, with the same compensation and punitive damages for the State tort claim
3. Award Statutory Fees42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

## 6. SUMMARY OF RELIEF SOUGHT

F. SIXTH CLAIM V1:

1. Award a judgment ordering for Defendants (5) to pay $40,300,000.00 to Plaintiff for compensatory and Punitive damages.

---

G. SEVENTH CLAIM VII: On MAY 12, 2026, at 8:30am

**42 U.S.C. § 1983 – MONELL CLAIM against:**

DEFENDANT (1) MALIK D. EVANS, DEFENDANT (2) DR. LESLIE B. SMITH, DEFENDANT (5) TYNISE EDWARDS, DEFENDANT (9) ROCHESTER TRAFFIC VIOLATIONS AGENCY (RTVA), DEFENDANT (10) CITY OF ROCHESTER.

1. On May 12, 2026, Defendants (1), (2), (5), (9) and (10), the municipality and its controllers used City authority, funding, property paid by the city residents to execute the deprivation that infringed on the Plaintiffs right to due process of law by scheduling and commencing an illegal trial of alleged VTL accusatory instruments

2. Defendants (1), (2), (5), (9) and (10), used municipal resources, "court" machinery, though a quasi-judicial tribunal without jurisdiction, and state statutory provisions (VAT, VTL) to organize and prosecute the Plaintiff for twelve accusatory instruments absent personal and subject-matter jurisdiction

3. The constitutional violation was caused by one or all of the following municipal policy bases:

4. The official policy of the RTVA is to threaten the Plaintiff with a 'Final Trial Notice' without first sending the Plaintiff a prior notice for a trial.

5. The notice for a scheduled trial is illegal because the RTVA is not allowed to commence a trial at this time for alleged offenses defined as traffic infractions because the population of the city of Rochester is less than one million (about 205,000) pursuant to VTL225(1)

6. The Notice for trial (summons) is governed by VTL226 and is only allowed if the RTVA has the authority to hear the matter. Since the RTVA does not, it is illegal for Defendant (1) Evans and Defendant (2) Dr. Leslie B. Smith, to schedule a trial to administer the case No. 25020392.

7. This behavior is a widespread and persistent custom and practice so well-settled it constitutes a "custom" with the force of law. On May 12, 2026, about at 8:00am, Plaintiff witnessed a similar trial of an alleged traffic infraction, and spoke with the young man who was going to be prosecuted by the defendants. The victims of illegal trials of those who refuse to make pleas and deals with the Traffic Prosecutor are many and it is widespread.

8. According to the City of Rochester charter PART J, section 6-141, it is the Mayor of the city of Rochester Malik D. Evans who has complete control and determines the direction of the RTVA so it is Mayor Evans Defendant (1) who made the deliberate decision along with the municipal policymakers who made the final decision and made is

the final policy-maker of who to prosecute when it is known that the city of Rochester may not fund and the RTVA have no authority to cause Case No. 25020392 to be heard in the RTVA at 200 E. Main Street, suite B-002, Rochester NY, 14604.

9. Since many trials did take place on May 12, 2026, all Defendants had a deliberate indifference to rights and there exist a failure to train, supervise, or correct known illegal conduct, leading to Defendant (3) Marasco and Defendant (4) Jackson, commence the trial as RTVA Judicial Hearing Officers, Defendant (5) conduct the prosecution as the RTVA Traffic Prosecutor, Defendant (6) as the Unnamed RTVA Clerk, Defendant (8) Stedman as the witness and Defendant (7) as the Unnamed RTVA security Officer.

10. Failure to Resolve the Threshold Issue. Despite receiving notice that Plaintiff disputed the RTVA's authority, the Defendants continued to process, schedule, prosecute, and/or adjudicate the matter without first resolving the specific jurisdictional objection raised by Plaintiff. Under New York consolidated Law, Vehicle and Traffic Law (VTL) § 225(1), a local administrative adjudication of traffic infractions by a municipal such as the Rochester Traffic Violations Agency, is authorized only in cities that meet strict statutory population thresholds enacted by the New York State Legislature.

11. While the City of Rochester originally established the Rochester Traffic Violations Agency (RTVA), on April 21, 2018, having received a unanimous vote in the City Council on October 17, 2017, when the population of the City of Rochester was around 205,000, and the population statutory threshold before a City may establish an administrative tribunal to hear traffic infractions pursuant to VTL § 225(1) was 200,000 residents.

12. On April 27, 2018, New York State Congress changed the threshold population of cities back to being 1,000,000 or more residents, before the newly established RTVA may hear any cases and make determination. This still gave the RTVA the authority to fulfill part of its mandate to accept plea deals from city residents, but not to hear the matter. The only option for the RTVA was to dispose of the tickets if no deal is reached or return it to the Rochester City Court to dispose of the ticket as it too was handcuffed by VTL225(1) and its 1,000,000 or more threshold limit before a case may be heard in the City of Rochester. Consequently, by legislative mandate, the City of Rochester – Rochester City Court and the RTVA possess no statutory subject-matter jurisdiction or authority according to VTL § 225(1) to establish an independent administrative tribunal or court, hire unconstitutionally appointed "hearing officers," (RTVA) or “Judges” (RCC), to adjudicate traffic infractions within its administrative framework. See Exhibit A 225(1) in 2017 and Exhibit B 225(1) in 2018

13. The municipal policy, custom, or practice of commencing trials after April 27, 2018, was the direct cause and "moving force" behind the constitutional deprivation.

14. The Defendants' continuous funding, staffing, scheduling, and official operation of the RTVA as an adjudicatory body despite repeated jurisdictional notices, Plaintiff would not have been subjected to unauthorized proceedings, duress, or coercive property deprivation.

15. Plaintiff realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

16. At all times relevant to this Complaint, Defendants (1), (2), (9) and (10), acted under color of state law as municipal entities organized under the laws of the State of New York and the City of Rochester.

17. Pursuant to 42 U.S.C. § 1983, a municipality is liable for constitutional deprivations caused by its official policies, continuous patterns, practices, unconstitutional customs, or deliberate choices made by its final decision-makers on May 12, 2026 and since April 27, 2018

18. There exist an underlying Constitutional Deprivation when Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10) deprived Plaintiff of his rights guaranteed under the Fourteenth Amendment to the United States Constitution, specifically his right to Due Process of Law, by subjecting him to an unauthorized, ultra vires, and non-judicial administrative unauthorized trial, coercing a monetary settlement under threat of license suspension and arrest, and depriving him of protected liberty and property interests ($4,558.00 since the Plaintiff did not accept the plea deal of $1,450.00 charges).

19. Lack of Subject-Matter Jurisdiction: Under New York Vehicle and Traffic Law ("VTL") § 225(1), local administrative adjudication of traffic infractions is permissible only in cities meeting strict legislative population thresholds. Effective April 27, 2018, the New York State Legislature enacted statutory amendments establishing that only cities with a population of 1,000,000 or more possess statutory authority to administratively adjudicate traffic infractions.

20. At all times relevant—including during Plaintiff's proceedings from February 11, 2025, through May 12, 2026—the City of Rochester had a population significantly under 1,000,000. Consequently, Defendants City of Rochester and RTVA lacked statutory subject-matter jurisdiction to hold trials, adjudicate accusatory instruments, made determinations or activate the hired hearing officers to hear traffic infractions, including those identified in Case No. 25020392.

21. Notwithstanding the statutory bar under VTL §§ 225, 226, and 227, Defendants City of Rochester and RTVA maintained an official policy, continuous custom, and systematic practice of:

22. Funding, supporting, and operating an administrative adjudicatory framework at 200 E. Main Street, Suite B-002, Rochester, NY 14604 without statutory authority;

23. Issuing summonses under VTL226, scheduling trial dates, and forcing city residents, including Plaintiff, to appear before inactive-judicial administrative body lacking subject-matter jurisdiction;

24. Coercing pleas by threatening a trial, assessing monetary fines, and threatening driver's license suspensions and arrest warrants without lawful authority; and

25. Ignoring formal jurisdictional objections raised by the Plaintiff, including objections served by Plaintiff on March 24, 2025, December 12, 2025, May 1, 2026, and May 11, 2026, in an attempt to settle the matter and prevent the Defendants from sinning.

26. Final Policymaker Knowledge and Deliberate Indifference: High-ranking municipal officials such as Defendant (1), (2) and (5) and final policy-makers for the City of Rochester and RTVA Defendant (1), (2), (9) and (10), had actual and/or constructive knowledge since at least 2018 that the RTVA lacked statutory jurisdiction to adjudicate traffic infractions, hear the matter and make determinations, following the state legislative amendment to VTL § 225(1).

27. Despite such knowledge and repeated formal notices, the Defendants (1), (2), (3), (4), (5), (6), (9) and (10), exhibited deliberate indifference to the constitutional rights of the Plaintiff and the general population by continuing to appropriate taxpayer funds, deploy administrative staff (Defendants 1–7), and conduct unauthorized trials against Plaintiff and others similarly situated poor city residents

28. Direct Causation: The municipal policies, practices, customs, and deliberate decisions of Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), were the direct, proximate cause and moving force behind the constitutional violations suffered by Plaintiff on May 12, 2026, in Case No. 25020392.

29. As a direct and proximate result of the unconstitutional municipal policy, custom, and practice of Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), Plaintiff suffered severe injury, including severe duress during the fake trial, infringement of liberty, and deprivation of constitutional due process.

30. If not for the actions of Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), which gave the Plaintiff and the public the appearance that the Defendants were involved in fraud perpetrated by the Defendants no Monell claim would have been filed as no injury would not have occurred.

31. The injuries suffered are the reasonably foreseeable consequences of the Defendants actions of infringing on the Fourteenth Amendment due to the custom and practice of deprivation of rights. The court should accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d Cir. 2009). The District Court is prohibited from dismissing this case as it would be a seventh Amendment violation as there is an injured party. Rule 8(a) has been satisfied. I suffered personal injuries -

(i) Deprivation of procedural and substantive due process rights secured by the Fourteenth Amendment;

(ii) Deprivation of liberty interests of being threatened that license would be suspended if the Defendant failed to appear; Deprivation of immunity from paying $4,558.00 in original charges

(iii) Emotional distress, anxiety, fear, humiliation, and mental anguish;

(iv) Assault and fear of harm by Defendant (7)

(v) Loss of time and interference with personal affairs;

(vi) Litigation expenses and costs incurred in challenging unlawful trial on May 12, 2026;

(vii) Exposure to unlawful fines, penalties, license consequences, and adverse governmental action;

(viii) Violation of rights protected under 42 U.S.C. § 1983;

(ix) Unreasonable search and seizure by sending summons absent jurisdiction.

(x) Loss of dignity from loss of Liberty in public.

(xi) Damage to reputation

(xii) Mental Anguish

(xiii) The fear of being targeted on the City of Rochester Mayor, TVA Executive Director, Traffic Prosecutor, Clerk, Security and quasi-judicial hearing officers again.

The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since Defendants (1), (2), (3), (4), (5), (6), (7) and (8) and Defendants (9) and (10), were personally involved, a causation exists between the rights violation and the injuries. The Plaintiff is entitled to claim damages under Title 42 U.S.C. §1983 as it is clear that the Fourteenth Amendment was violated and procedural and substantial due process was infringed upon .

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

1. Award injunctive relief and close the RTVA until it complies with VTL225(1)

2. Award compensation relief of $1,000,000.00 for Defendants (1), (2), (5), (9) and (10),for the appearance fee as documented in brief.
3. Award Statutory Fees42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

## .7 SUMMARY OF RELIEF SOUGHT

G. SEVENTH CLAIM VII:

1. Award a judgment ordering for Defendants (1), (2), (9), and (10) to pay $5,000,000.00 to Plaintiff for compensatory.
2. Award Statutory Fees 42 U.S.C. § 1988 (Full restoration of all reasonable attorney's fees and litigation costs of $300,000)

Do you want a **jury trial**? Yes___XX___ No

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on
September 10, 2026

Signature of Plaintiff
Paul Anthony Emmanuel Noel

State of New York
County of Monroe
This Subscribed and Sworn to me
on the 10 day of Sept 2026

Nese Baykal

NESE BAYKAL
Notary Public, State of New York
No 01BA6046622
Qualified in Monroe County
Commission Expires August 14, 2030